IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT PONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-08-1231-C |
| | ) |
| (1) SONIC INDUSTRIES, INC.; and | ) |
| (2) SDI OF OKLAHOMA CITY (2109 | ) |
| N.W. 122nd ST.), LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint alleging claims of race discrimination against his previous employer pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII, 42 U.S.C. § 2000e et seq. Plaintiff also brought a Burk[1] tort claim for a violation of Oklahoma's public policy. Defendant SDI (Defendant) filed a partial motion to dismiss Plaintiff's Burk tort claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant contends that the Oklahoma Anti-Discrimination Act (OADA), 25 Okla. Stat. § 1101 et seq., upon which Plaintiff's claim is based, is unconstitutional because it treats similarly situated persons differently.[2]

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint as true and must construe all facts in the light most favorable to the plaintiff. Seamons v.

---

[1] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

[2] Consistent with the provisions of Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403, the Court gave notice to the Oklahoma Attorney General of the constitutional challenge. The deadline for intervention has now passed with no response from the Attorney General.

Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[3], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply speculative.  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008).  A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss.  Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp., 550 U.S. at 563.

Plaintiff initially contends that Defendant lacks standing to challenge the constitutionality of the OADA because it cannot demonstrate an injury in fact nor would Defendant's injury, if one exists, be redressed by a determination that the OADA is unconstitutional.  The requirement of standing is derived from the Article III[4] mandate that federal courts can only hear a "case or controversy."  Utah ex rel. Div. of Forestry, Fire & State Lands v. United States, 528 F.3d 712, 720 (10th Cir. 2008).  In order for Defendant to have standing, it must establish:  (1) an injury in fact; (2) the conduct at issue caused the injury; and (3) the injury can be redressed if the Court finds for Defendant.  Id. at 721.  To demonstrate injury in fact, Defendant must show it has a legally recognized interest that is

---

[3]  Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[4]  U.S. Const. art. III, § 2, cl. 1.

concrete and particularized, and actual or imminent. Id. The requirements for standing must be found to exist at the time the lawsuit is filed. Davis v. Fed. Election Comm'n, ___ U.S. ___, ___, 128 S.Ct. 2759, 2769 (2008).

The Court finds that Defendant has standing to challenge the constitutionality of the OADA. Plaintiff's Burk tort claim, although not expressly stated, appears to be based on the public policy statements found within the OADA. Therefore, because one of Plaintiff's claims against Defendant arises out of the OADA, Defendant has sufficient injury to maintain this constitutional challenge. Because Defendant's injury will result from Plaintiff's OADA-based Burk tort, sufficient causation is demonstrated. Finally, should the Court find the statute to be unconstitutional, Plaintiff's Burk tort claim would fail, thereby redressing Defendant's injury.

The Court must therefore consider the constitutionality of the OADA, an issue that has previously been considered by the Oklahoma Supreme Court. Because the OADA provides a private cause of action for those suffering discrimination based upon handicap but not for those suffering other forms of discrimination, the Oklahoma Supreme Court noted that it appears to treat similarly situated persons differently. In order to avoid potential constitutional problems, that court interpreted the OADA as not providing the exclusive remedies for discriminatory practices based upon race and age, thereby permitting a Burk tort claim for such plaintiffs. See Saint v. Data Exchange, Inc., 2006 OK 59 ¶ 6, 145 P.3d 1037, 1039; Tate v. Browning-Ferris, Inc., 1992 OK 72 ¶ 18, 833 P.2d 1218, 1229. The Oklahoma Supreme Court stated that such a reading of the OADA was necessary because "[w]hen a

3

statute is susceptible to more than one construction, it must be given that interpretation which frees it from constitutional doubt rather than one that would make it fraught with fundamental-law infirmities." Tate, 1992 OK at ¶ 18, 833 P.2d at 1229. Accordingly, this Court is bound by the interpretation of the OADA as previously formulated by the Oklahoma Supreme Court and must therefore find the OADA constitutional under the constitutions of both the State of Oklahoma and the United States.

Defendant contends that the provision of a Burk tort to remedy constitutional defects of the OADA surpasses the power of the Oklahoma Supreme Court. This argument misconstrues the Oklahoma Supreme Court's decisions, however. By interpreting the OADA as not providing the exclusive remedy for victims of age and race discrimination, the court permitted such plaintiffs to bring a Burk tort claim, a claim that existed prior to the 1990 amendments to the OADA that caused the potential unconstitutionality. Rather than judicially creating a private cause of action to remedy the statutory defects, the Oklahoma Supreme Court simply construed the statute as not providing exclusive remedies, thereby allowing plaintiffs to utilize the already existing common-law Burk tort remedy. The Court finds no flaw in this manner of statutory construction.

Accordingly, Defendant SDI's Partial Motion to Dismiss Regarding Plaintiff's State Law Burk Claim (Dkt. No. 26) is DENIED.

IT IS SO ORDERED this 19th day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge